UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 08-170(JR) |
| | : | |
| ADAM BRYANT | : | |
|     Defendant. | : | |
| | : | |

**JOINT MOTION FOR RECONSIDERATION OF THE COURT'S REFUSAL TO
ACCEPT GUILTY PLEA**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, and the defendant, Adam Bryant, through his counsel, Steven McCool, Esquire respectfully move the Court to reconsider its refusal to accept the defendant's plea of guilty to the offense of attempted enticement of a minor in violation of D.C. Code § 22-3010(b).

PROCEDURAL BACKGROUND

The defendant was arrested on March 26, 2008 and charged by complaint with Interstate Travel for the Purpose of Engaging in Illicit Sexual Conduct with a Minor in violation of 18 U.S.C. §2423(b). Pursuant to a plea agreement negotiated by the parties and executed on June 12, 2008, the defendant agreed to plead guilty pre-indictment to that offense and to the offense of attempted enticement of a minor, in violation of D.C. Code § 22-3010(b). In exchange, the government agreed not to prosecute the defendant further in connection with the facts that gave rise to the offenses. The agreement had the effect of precluding the government from charging the defendant with attempted enticement of a minor under federal law under 18 U.S.C. § 2422(b). Prosecution under that statute would have subjected the defendant to a mandatory minimum term of ten years imprisonment and a maximum term of life imprisonment. In contrast

to the federal statute, the equivalent D.C. Code offense is punishable by a maximum term of five years in prison.

During a hearing on July 1, 2008, the Court accepted the defendant's plea of guilty to the traveling count, but refused to accept his plea to the attempted enticement count. Based on the record of those proceedings, the parties believe that the Court's refusal to accept the plea was based on the Court's conclusion that there was not a factual basis for the plea. For the reasons set forth herein, the parties respectfully submit that there was a factual basis for the plea. Moreover, the parties hereby proffer a revised Statement of the Offense, which provides the Court with a more complete description of the offenses. See attached  Revised Statement of Offense.

ARGUMENT

 The Court's Discretion to Reject a Guilty Plea

Defendants are entitled to plead guilty "unless the district court can articulate a sound reason for rejecting the plea." United States v. Maddox, 48 F.3d 555, 558 (D.C. Cir. 1995) (quoting United States v. Delegal, 678 F.2d 47, 50 (7th Cir. 1982)); see also United States v. Ammidown, 497 F.2d 615, 622 (D.C. Cir. 1973) ("the trial judge must provide a reasoned exercise of discretion in order to justify a departure from the course agreed on by the prosecution and defense."). A defect in the plea agreement under Fed. R. Crim. P. 11 is generally a sound reason to reject it, but rejecting a valid plea agreement is an abuse of discretion. See 48 F.3d at 560.

In this Circuit, the remedy where a district court has erroneously refused to accept a guilty plea, and the defendant has been prejudiced by being tried and convicted of a more serious offense, is reversal of the defendant's subsequent conviction and remand for entry of the plea. See

48 F.3d 555 (defendant's convictions for narcotics offenses reversed and case remanded to the district court for plea proceedings after district court erred in refusing to accept defendant's guilty plea where defendant claimed his initial refusal to admit guilt was based on a lack of understanding of the court's questions); Ammidown, 497 F.2d 615 (after district court refused to accept defendant's guilty plea to second degree murder on the ground that the defendant's conduct mandated a conviction for first degree murder, defendant's conviction for first degree murder reversed and case remanded for entry of guilty plea to second degree murder.)

In the instant case, it appears to the parties that the Court rejected the defendant's plea to the D.C. Code enticement count on the ground that the facts proffered by the parties were insufficient to establish a violation of the offense. The parties believe that there is a sufficient factual basis to support the plea. We recognize that the factual proffer initially submitted to the Court may have been deficient in that it omitted facts that would be significant to the Court's determination. Accordingly, we are submitting with this motion an amended proffer that more fully sets forth the facts of this case. In addition, we briefly discuss relevant legal authority.

### Attempted Enticement of a Fictitious Child is a Violation of 22 D.C. Code §2030(b)

During the July 1, 2008 hearing, the Court suggested that the defendant should not be convicted of enticement of a minor child because no such child actually existed and, at any rate, the defendant did not interact directly with her. Transcript of Guilty Plea on July 1, 2008 (Hereinafter "Tr.") at 9 ( THE COURT: " Now, this man never saw the girl, never touched the girl, there never was a girl."). Yet the plain language of the statute makes clear that there is no requirement that the defendant attempt to entice a real child. Rather, the statute specifically

provides that the offense is completed when an individual attempts to entice either a child or any person "who represents himself or herself to be a child." D.C. Code § 22-3010(b) (emphasis added). Rather than merely outlawing the enticement of a child, the legislature specifically outlawed the enticing of a person who purports to be a child. The language plainly covers undercover agents who are impersonating minors and reflects the legislative intent that the statute be used in undercover operations such as the one conducted in the present case.[1]

The Defendant Took a Substantial Step in an Attempt to Entice a Child

The Court also expressed concern as to whether the defendant's actions as proffered to the Court were sufficient to establish that he attempted to entice a child when no meeting with a child actually took place. While we are unaware of any cases interpreting the District of Columbia Code enticement statute, the case law with respect to attempt and the federal enticement statute is instructive. That case law makes clear that applying the general law of attempt to the offense of enticement of a minor, the offense is completed when the defendant takes a substantial step in an

---

[1] Although 18 U.S.C. § 2422(b), the equivalent federal statute prohibiting attempted enticement of a minor does not contain a specific provision prohibiting the enticement of persons representing themselves as minors, every circuit that has considered the issue has held that the absence of a real child is not a defense to the charge; the statute is violated when an individual attempts to entice a law enforcement agent purporting to be a child. See United States v. Helder, 452 F.3d 751 (8th Cir. 2006); United States v. Tykarsky, 446 F.3d 458 (3d Cir. 2006); United States v. Sims, 428 F.3d 945 (10th Cir. 2005); United States v. Weisser, 417 F.3d 336 (2d Cir. 2005); United States v. Meek, 336 F.3d 705 (9th Cir. 2004); United States v. Root, 296 F.3d 1222 (11th Cir. 2002); United States v. Farner, 251 F.3d 510 (5th Cir. 2001). The Courts' interpretation of the statute is consistent with the legislative history. Moreover, the legislative history states that specific allowances for "sting operations" were not placed in the federal statute because **"no court has ever endorsed an impossibility defense"** (which would create the need for Congress to expressly address the issue), and Congress did not intend to lend "credence to impossibility defenses raised in other sting and undercover situations." 144 Cong. Rec. S12257-01, 1998 WL 701518 (Cong.Rec.), Congressional Record-Senate, Proceedings and Debates of the 105th Congress, Second Session, Friday, October 9, 1998.

attempt to entice a minor (or purported minor), whether or not he meets, or even attempts to meet the child. In United States v. Murrell, 368 F.3d 1283, 1286 (11th Cir. 2004), the defendant arranged with an undercover officer, the purported father of a minor child, to have sex with the daughter. In affirming the district court's denial of his motion to dismiss the indictment, the Court of Appeals set forth the requirements to sustain a conviction for the crime of attempted enticement: "(1) that the defendant had the specific intent to engage in the criminal conduct for which he is charged and (2) that he took a substantial step toward commission of the offense." Id at 1286. The offense of attempted enticement of a minor is completed by the "persuasion, inducement, enticement, or coercion of the minor rather than the sex act itself." Id at 1286; see also United States v. Bailey, 228 F.3d 637 (6th Cir. 2000) (sexually explicit language in messages sent to minors was a substantial step sufficient to sustain conviction for attempted enticement: "conviction under [2422(b)] only requires a finding that the defendant had an intent to persuade or to attempt to persuade."). Similarly, in Yost v. United States, 479 F.3d 815 (11th Cir. 2007), the Court of Appeals found that the defendant who sent sexually explicit messages to purported underage girls committed the offense of attempted enticement of a minor even though he never traveled to meet one of the girls. See id. at 820 ("the totality of Yost's actions convinces us that a reasonable jury could have found Yost committed a substantial step."); United States v. Thomas, 410 F.3d 1235, 1246 (10th Cir. 2005) (defendant took substantial step toward inducement of a minor by making arrangements to meet minor, even though he was stopped by agents before he arrived at the arranged meeting place.).

In this case, the defendant's actions were more than sufficient to establish that he took a

substantial step in his attempt to entice a 13 year-old girl to engage in sexual activity. As set forth in the stipulated proffer of facts:

   The defendant proposed the various arrangements by which he and the undercover officer would meet to enable sex between the officer's fictitious daughter and the defendant. When the officer rejected his initial proposal, he made another, offering to pay $1,000 for sex with the child. He stated that this amount was the "going rate" for sex with a 13 year-old. <u>Revised Statement of Offense</u>, ¶¶ 5-10.

   He spoke directly with the fictitious step-daughter on two occasions. In one of his early e-mail exchanges with the undercover, he requested to speak directly with the step-daughter on the telephone. <u>Id.</u> ¶ 4. Subsequently, the defendant spoke with her again when he arrived at the meeting place, and he told her that she was supposed to be inside the bar, wearing no panties and fondling herself. <u>Id.</u> ¶ 10.

   He sent the officer an elaborate and graphic list of the activities he wished to do with the girl, <u>id.</u> ¶ 9, the revealing clothing he expected her to wear, <u>id.</u> ¶¶ 5, 10, and the sexually explicit activities he expected her to perform while waiting for him at the bar. <u>Id.</u> ¶ 5.

   <u>The Defendant Did Not Raise an Entrapment Defense</u>

   Finally, the Court 's comments during the plea proceedings indicated a concern with whether the defendant was predisposed to commit the offense: "...how do you establish predisposition? Do you need predisposition to avoid an entrapment defense?" Tr. at 10. Entrapment is an affirmative defense that must be raised by the defendant. In pleading guilty, the

defendant waives the defense, along with other affirmative defenses and constitutional rights. The Court's concern that the defendant may have a valid defense that he chooses to waive is not a permissible basis for rejecting a plea agreement. See United States v. Mendoza, No. 07-50104, slip op. at 2 (9th Cir. filed May 21, 2008) (where the defendant did not raise an entrapment defense, the district court erred in rejecting his guilty plea based on the court's finding that he lacked predisposition to commit the offense); United States v. Gagliardi, 506 F.3rd 140(2nd Cir.2007).

In the instant case, the defendant, after consultation with counsel, made an informed decision to forgo an entrapment defense and enter a guilty plea. Under the facts of the case, the decision was a sound one. In order to prove entrapment, the defense must display "government inducement of the crime, and a lack of predisposition on the part of the defendant to engage in the criminal conduct." Matthews v. United States, 485 U.S. 58, 63 (1988). In the present case, it was the defendant who first initiated contact and proposed the exact details as to what circumstances the sexual contact was to take place. Defendant even suggested how the child was to be dressed. Revised Statement of Offense, ¶¶ 1, 5,6 and 9. Even after the UC rejected the defendant's initial offer to pick up the girls, the defendant re-initiated contact and expressed a desire to arrange the encounter with the child. Id. ¶ 7and 8. Once at the location where he was to meet the child, the defendant instructed the "step-daughter" on the cell phone that she was supposed to be inside the bar fondling herself, in accordance with the conduct that he, not law enforcement agents, proposed. Id. ¶ 10. The defendant's initial contact with the officer, direct communications with the girl, and detailed proposals display an unequivocal predisposition to commit the crime.

Conclusion

The defendant and the government have negotiated a plea agreement pursuant to which the defendant would plead guilty to a D.C. Code offense of enticement rather than to the equivalent federal offense. There is a factual basis for the plea and the defendant has expressed no reservations with respect to his wish to plead guilty to the offense. The defendant would be prejudiced by the Court's rejection of the plea in that if he were charged and convicted of the equivalent federal offense he would be subject to a mandatory minimum term of ten years imprisonment and a maximum sentence of life imprisonment. Accordingly, the parties request that the Court grant their joint motion for reconsideration.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney

_____/s/_____
Julieanne Himelstein
Assistant U.S. Attorney
D. C. Bar No.
555 4th Street, N.W., 4th Floor
Washington, D.C.  20530
(202) 514-8203

_____

Steven McCool, Esq.
Attorney for Defendant
William and McCool, LLC
1776 K Street, NW, Suite 200
Washington, D.C. 20006